This matter comes before me on a motion to direct the sheriff of Hudson county to pay into this court the sum of $800 surplus money received at a foreclosure sale.
The mortgage which was foreclosed covered property in which the receiver, Louis Paladeau, claims the surplus money on the ground that a mortgage held by Rebecca Weinstock was given in fraud of creditors and without consideration. It is admitted that Rebecca Weinstock held a third mortgage for the defendant Kelley Plasterboard Company, Incorporated, a defendant in another action in this court, wherein the said receiver filed a bill to set aside the said mortgage. Louis Paladeau is the receiver of the Bried Lumber Company, which, it is claimed, purchased materials of the Kelley Plasterboard Company, Incorporated. The Plasterboard Company recovered a lien claim thereon and settled the same by taking the mortgage in question about seventeen months prior to the appointment of the receiver. The Kelley Plasterboard Company, Incorporated, by its trustee or agent, Rebecca Weinstock, claims that the matter is res judicata
because the receiver was a party to the foreclosure suit and filed no answer. It also claims that the affidavits filed herein are not sufficient.
Taking up the last question first, I am inclined to think that the affidavits set forth sufficient facts to support the order.
The next objection to the order is the question of whether the doctrine of res judicata applied. Rule 187 of this court provides:
"Where the bill in a foreclosure suit shall be ordered to be taken as confessed against a defendant, no report or decree shall be made by which his rights or claims are postponed to those of any other defendant, unless the priority of the rights or claims of such other, defendant, and the facts upon which they depend, are distinctly set forth in the bill; and any controversies between such defendants may be settled upon application for the surplus moneys."
It is admitted that the receiver filed no answer and there is nothing before me to indicate that the rights of the defendant *Page 31 
receiver and the Kelley Plasterboard Company, Incorporated, and the facts upon which such rights depended were set forth in the bill of complaint in the foreclosure case. I, therefore, assume that they were not. Such being the case I will advise an order directing the sheriff to pay the surplus money into court pending the determination of the matters contained in the suit between the receiver and the said defendants, which I understand, is now at issue.